# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with two Apple<br>ID's/iCloud accounts that is stored at premises<br>controlled by Apple | )<br>)<br>)  Case No. 20-1046M(NJ)<br>)<br>)<br>) |

*[Clerk's Office stamp: A TRUE COPY, Oct 07, 2020, s/ Lauren Cronin, Deputy Clerk, U.S. District Court, Eastern District of Wisconsin]*

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    October 21, 2020    *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justify, ng, the at specific date f _____.

Date and time issued:   October 7, 2020    *[signature: Nancy Joseph]*
                                                              *Judge's signature*

City and state:   Milwaukee, Wisconsin           Hon. Nancy Joseph, U.S. Magistrate Judge
                                                                *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 77215-20-0083 | Date and time warrant executed: 10/8/2020 @ 11:54 AM | Copy of warrant and inventory left with: lawenforcement@apple.com |
| Inventory made in the presence of: SEE ATTACHED (AUTO RESPONSE EMAIL) | | |

Inventory of the property taken and name(s) of any person(s) seized:

iCloud Account Information:

ctv2017@icloud.com

ctvon@icloud.com.

★ See Attached.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 1/21/2021

*Executing officer's signature*

Jody Keeley
*Printed name and title*

# CERTIFICATION OF APPLE INC. CUSTODIAN OF RECORDS

I, Raul, hereby declare:

1. I am employed by Apple Inc. and my official title is Legal Specialist. I am a duly authorized Custodian of Records, or other qualified witness for Apple Inc. ("Apple") located in Cupertino, California. As such I have the authority to certify these records, APL000001_APPLE_CONFIDENTIAL and APLiC000001 through APLiC000004 produced Dec 8, 2020 in response to Search Warrant served on Apple on Oct 8, 2020. I am authorized to submit this declaration on behalf of Apple.

2. Each of the records produced is the original or a duplicate of the original record in the custody of Apple Inc.

3. With respect to the records contained in APL000001_APPLE_CONFIDENTIAL, these records were:

    a. made at or near the time by, or from information transmitted by, someone with knowledge or from a process or system that produces an accurate result, the accuracy of which is regularly verified by Apple;
    b. kept in the course of a regularly conducted activity of Apple's business; and
    c. made as part of a regular practice of the activity of Apple's business.

4. With respect to the records contained within APLiC000001 through APLiC000004_APPLE_CONFIDENTIAL, these records are Apple's record of the iOS device backup(s) transmitted to Apple by and stored on behalf of the Apple ID accounts with usernames dtvon@icloud.com ("Backup Records"). The referenced Apple ID accounts transmitted the Backup Records to Apple and Apple stored those records at or near the time indicated on the Backup Records;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

DATED: Nov. Dec 8, 2020

**APPLE INC.**

By: _____
Name: Raul Nunez
Title: Legal Specialist, Apple Inc.

**Apple Confidential**
iTunes Data
Subscriber information related to DSID
DSID: 1741011338,1742487926
Period: From 2020-08-23 to 2020-10-07
Timezone: PST/PDT

| person_id | signup_ts | email_addr_txt | first_name |
|---|---|---|---|
| 1741011338 | 2020-09-03 11:09:56 | dtv2017@icloud.com | Tyler |
| 1741011338 | 2020-09-03 11:09:56 | dtv2017@icloud.com | Tyler |
| 1742487926 | 2020-09-04 19:30:23 | dtvon@icloud.com | Dev |
| 1742487926 | 2020-09-04 19:30:23 | dtvon@icloud.com | Dev |
| 1742487926 | 2020-09-04 19:30:23 | dtvon@icloud.com | Dev |
| 1742487926 | 2020-09-04 19:30:23 | dtvon@icloud.com | Dev |

| last_name | street_1_name | street_2_name | street_3_name |
|---|---|---|---|
| Vaughn | [MISSING FROM DS] | | |
| Vaughn | 327 Kenzie ave | | |
| Vaughn | [MISSING FROM DS] | | |
| Vaughn | 925 author ave | | |
| Vaughn | 925 author ave | | |
| Vaughn | 925 author ave | | |

| city_name | state_name | postal_cd | country_cd |
|---|---|---|---|
| Racine | WI | 53405 | USA |
| Racine | WI | 53405 | USA |
| Racine | WI | 53405 | USA |
| Racine | | | USA |

| area_cd | phone_nr | credit_card_name | billing_profile_create_ts |
|---|---|---|---|
| 262 | [MISSING FROM DS] | | 2020-09-03 11:09:08 |
| 262 | 2341468 | | 2020-09-03 11:09:56 |
| 262 | [MISSING FROM DS] | | 2020-09-04 19:29:25 |
| 262 | 2341468 | | 2020-09-04 19:30:22 |
| 262 | 2341468 | Visa | 2020-09-11 18:09:14 |
| 262 | 2341468 | Visa | 2020-09-11 18:09:28 |

| billing_profile_create_ip |
|---|
| 24.167.248.97 |
| 24.167.248.97 |
| 65.28.57.106 |
| 65.28.57.106 |
| 24.167.248.97 |
| 24.167.248.97 |

## ATTACHMENT A

## Matter No. 2020R00324

## Property to Be Searched

This warrant applies to information associated with the Apple IDs and Apple iCloud accounts associated with the following information, that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., One Apple Park Way, Cupertino, California 95014.

**Account 1:**
- Name: Tyler Vaughn
- Email: dtv2017@icloud.com
- Phone: (262) 234-1468
- Person ID: 17412011338
- Addresses: 327 Kenzie Ave. Racine, WI 53405

**Account 2:**
- Name: Dev Vaughn
- Email: dtvon@icloud.com
- Phone: (262) 234-1468
- Person ID: 17429487926
- Address: 925 Author Ave. Racine, WI 53405

## ATTACHMENT B

### Particular Things to be Seized

### I.  Information to be disclosed by Apple

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.  All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers

("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

    c.    The contents of all emails associated with the account from August 23, 2020 through the date this warrant issued, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

    d.    The contents of all instant messages associated with the account from August 23, 2020 through the date this warrant issued, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

    e.    The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all

address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

    f.  All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

    g.  All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

    h.  All records pertaining to the types of service used;

    i.  All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

    j.  All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

    Apple is hereby ordered to disclose the above information to the government within **14 DAYS** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence of violations of arson of commercial property, in violation of Title 18, United States Code, Section 844, involving Devon Vaughn since August 23, 2020, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Preparatory steps taken in furtherance of these crimes;

b. Communications between Devon Vaughn and Tabitha Scruggs;

c. Information about the protests, riots, and civil unrest in the Kenosha, Wisconsin area occurring between August 23, 2020 and the date this warrant issued;

d. Use, possession, custody, or control of the phone numbers (262) 676-9514 and (262) 234-1468;

e. Accelerants or ignitable liquids (such as gasoline, kerosene, or other petroleum distillates), glass bottles, ignition devices (such as an improvised wick or towel), heat sources, and ignition sources (such as a lighter or matches);

f. Appearance, clothing, and identity of Devon Vaughn on August 24, 2020;

g. B & L Office Furniture, located 1101 60th St. Kenosha, WI;

h. The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

i. Any information related to motive, intent, or knowledge of the violations described above;

j. Any information related to the concealment or destruction of evidence of the violations described above;

k. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

l. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

m. Evidence indicating the subscriber's state of mind as it relates to the crime under investigation; and

n. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



IN RE GRAND JURY INVESTIGATION
MATTER NO. 2020R00324

App. No. 13808 (SCD)

## ORDER PURSUANT TO 18 U.S.C. § 2705(b) COMMANDING ELECTRONIC COMMUNICATION SERVICE PROVIDERS AND REMOTE COMPUTER SERVICE PROVIDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF LEGAL PROCESS BEARING MATTER NO. 2020R00324

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding any electronic communications service provider and/or a remote computing service ("Service Provider"), that is a recipient of a subpoena, warrant, or court order (hereinafter "investigative request") bearing Matter No. 2020R00324 not to notify any person (including the subscribers or customers of the account listed in the investigative request) of the existence of such investigative request for a period of one year from the date of this Order.

The Court determines that there is reason to believe that notification of the existence of the said investigative requests will seriously jeopardize the government investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that any Service Provider served with an investigative request bearing Matter No. 2020R00324 shall not disclose the existence of the investigative request, or this Order of the Court, to the listed subscriber or to any other person, for a time period of one year from the date of this Order, unless that non-disclosure period is extended by further order of this Court, except that the Service Provider may disclose the investigative request and this Order of the Court to an attorney for the Service Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until further order of the Court.

Date: 9-3-20

STEPHEN C. DRIES
United States Magistrate Judge
App. No. 13808